**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| **KYLIE STEELE**,<br><br>                    Plaintiffs,<br><br>v.<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, a District of Columbia corporation; and, DOES ONE THROUGH FIFTY,**<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT FOR PERSONAL INJURIES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kylie Steele, ("Plaintiff"), by and through her undersigned counsel, and for her claims against Defendant hereby states and alleges as follows:

### 1. **PARTIES**

1.1     That at all material times, Plaintiff was and is a resident of King County, State of Washington.

1.2     That at all material times Defendant National Railroad Passenger Corporation, a/k/a AMTRAK, a District of Columbia corporation, ("AMTRAK") was and is in the business of operating a system of railroad tracks in the state of Washington, and that said system included

Complaint for Personal Injuries - Page 1

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

lines of track within the District where this action is filed. That AMTRAK owns and operates AMTRAK Cascades Train 501 operating between Seattle, Washington and Portland, Oregon.

1.3  Doe Defendants 1-50 are fictitiously-named persons or entities that, on information and belief, owned, planned, designed, built, financed, approved, inspected, maintained, and repaired the line of tracks at the Point Defiance Bypass, Lakewood Subdivision, Dupont, Washington, where AMTRAK Cascades Train 501 derailed on December 18, 2017. The true names and identities of these defendants are presently unknown and unavailable to Plaintiff. If and when the true names and identities of these defendants are ascertained through further investigation and discovery, Plaintiff reserves the right to substitute the proper names of such persons or entities, and such substitution shall relate back to the date of this Complaint.

1.4  Doe Defendants 1-50 are fictitiously-named persons or entities that, on information and belief, designed, manufactured, supplied, purchased, inspected, maintained, repaired and operated the locomotive and passenger and sleeper cars making up AMTRAK Cascades Train 501, and all components and parts thereof; and provided training related to the train and the track at issue. The true names and identities of these defendants are presently unknown and unavailable to Plaintiff. If and when the true names and identities of these defendants are ascertained through further investigation and discovery, Plaintiff reserves the right to substitute the proper names of such persons or entities, and such substitution shall relate back to the date of this Complaint.

1.5  Plaintiff is informed, believes and alleges that each of said Defendants are responsible in some manner for the events and legally caused injuries and damages alleged herein and Plaintiff will seek leave to amend this complaint to allege the true names and capacities as they become known or are discovered.

**ROSSI VUCINOVICH** P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

1.6     That at all times herein mentioned, each Defendant was the agent, partner, servant, employer, independent contractor and/or joint venture of each other Defendant and, at all times herein mentioned, was acting within the course and scope of said agency, partnership, employment, contract or joint venture.

## 2. JURISDICTION AND VENUE

2.1     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, because, on information and belief, AMTRAK is a congressionally incorporated corporation, over half of whose capital stock is owned by the federal government.  Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, and AMTRAK is subject to the court's personal jurisdiction with respect to this claim.

## 3. NATURE OF OCCURRENCE

3.1     That on December 18, 2017, AMTRAK, through its employees and/or agents, operated, managed, maintained, supervised owned, designed, constructed and/or controlled AMTRAK Cascades Train 501, which originated in Seattle, Washington and was destined for Portland, Oregon.

3.2     That on December 18, 2017, AMTRAK Cascades Train 501 was operated by employees and/or agents of AMTRAK.

3.3.    That on December 18, 2017, AMTRAK sold Plaintiff a ticket on Cascades Train 501, and Plaintiff boarded the train as a passenger at the King Street Station, Seattle, WA.

3.4     That on December 18, 2017, at or near Dupont, Washington, AMTRAK Cascades Train 501 approached the bridge crossing I-5 at a speed far in excess of the authorized, posted, and safe speed for that segment of track.

Complaint for Personal Injuries - Page 3

**ROSSI VUCINOVICH** P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

3.5     That on December 18, 2017, AMTRAK Cascades Train 501 was unable to negotiate the curve at the bridge crossing I-5 due to excessively high speed, and the train derailed resulting in scores of injuries and deaths.

3.6     As a result of the derailment, Plaintiff was propelled violently into the seatback ahead of her, suffering severe and permanent injuries including, but not limited to, a concussion and post-concussive injuries, other injuries to her head, neck, and the bones, muscles, tissues, nerves, ligaments and internal parts thereof;

3.7.    That in 2008, Congress enacted the Rail Safety Improvement Act (RSIA) which required passenger railroads to install a Positive Train Control System on its trains by the end of 2015.

3.8     That the Positive Train Control system was designed to increase safety and prevent derailments.

3.9     That at all material times, AMTRAK was authorized and provided with a Positive Train Control system; that this system was not operable on AMTRAK Cascades Train 501 at the time of the December 18, 2017 derailment.

3.10    That at all material times, AMTRAK knowingly and intentionally failed to utilize an operable Positive Train control system on AMTRAK Cascades Train 501.

3.11    Based upon information and belief, on December 18, 2017, Amtrak released the AMTRAK Cascades Train 501 knowing it had experienced an electrical system failure that day, and further that the rear locomotive unit electrical linkage was not connected or properly linked, which made the rear unit unavailable for additional braking effect, and that at the time of the crash the rear unit likely acted to push into the rear passenger cars, and cause further harm to the train and occupants.

3.12    Based upon information and belief, at all relevant times AMTRAK failed to provide sufficient supervision and training including familiarization trips to its employees and agents.

3.13    Based upon information and belief, there may be unknown persons or entities, including but not limited persons or entities involved in the design, construction, operation, maintenance or repair or the track or equipment involved, who may be at fault and Plaintiff may amend her pleading accordingly.

## 4. CAUSES OF ACTION

4.1    Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1.1 through 3.13 of this Complaint as though fully set forth herein.

4.2    That the injuries, damages and losses sustained by Plaintiff as hereinafter alleged, were directly and proximately caused by the tortious conduct of AMTRAK and its violation of its duty of care, including but not limited to:

a. Failing and neglecting to inspect, maintain, identify, and/or remedy unreasonably dangerous conditions which existed on its equipment and/or track;

b. Failing to properly train its agents and employees to operate the train in a safe manner;

c. Failing to properly supervise its agents and employees in the proper operation of the train;

d. Failing to enable or provide fully operational Positive Train Control or other safety devices on its train; and,

e. Failing to comply with applicable federal standards of care and applicable federal statutes or regulations.

## 5. INJURIES, HARM AND DAMAGES

Complaint for Personal Injuries - Page 5

**ROSSI VUCINOVICH** P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

5.1  As a direct and proximate result of the above acts or omissions of AMTRAK, Plaintiff has sustained permanent injuries requiring past and future medical care. That Plaintiff will incur substantial future health care and related expenses as the result of her injuries. That Plaintiff has and will continue to suffer loss of enjoyment of life, pain, anxiety, distress and emotional trauma, physical impairment and disfigurement, pecuniary and economic losses, and other injuries, harms and non-economic damages which are ongoing.

## 6. RELIEF CLAIMED

WHEREFORE, Plaintiff prays that judgement be entered against the above-named Defendants in an amount established by the evidence, together with all costs and disbursements herein.

Dated: June 18, 2019

**ROSSI VUCINOVICH PC**

By: s/ *James K. Vucinovich*
James K. Vucinovich, WSBA No. 29199
ATTORNEYS FOR PLAINTIFF