UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLIE STEELE,

            Plaintiff,

  v.

NATIONAL RAILROAD PASSENGER CORPORATION,

            Defendant.

CASE NO. C19-5553 BHS

ORDER

      THIS MATTER is before the Court on Plaintiff Kylie Steele's Motion for Partial Summary Judgment on Causation, Dkt. 18, and on Defendant National Railroad Passenger Corporation's ("Amtrak") responsive Motion to Strike Steele's Expert Reports as inadmissible hearsay, Dkt. 22.

      Steele was a passenger on Amtrak 501 when it derailed near DuPont, Washington on December 18, 2017. She sued for negligence, and Amtrak has conceded liability (duty and breach). Steele claims she suffered a mild traumatic brain injury leading to a mild neurocognitive disorder. Dkt. 18 at 3. She seeks partial summary judgment on the issue of causation, leaving for trial the amount of her damages.

ORDER - 1

Steele's motion is based on expert opinion evidence attached to the Declaration of her attorney, James Vucinovich, Dkt. 19. Vucinovich attaches Steele's expert Witness Disclosure, Dkt. 19-1, and the experts' opinions. He provides excerpts of the deposition of Dr. James Chestnutt, Steele's primary treating physician, who was deposed by Amtrak's counsel about his opinions and his January 28, 2021 report (Exhibit 8 to his deposition), opining that the derailment caused Steele's injuries: "post concussive syndrome, mild neurocognitive disorder and mild anxiety, as well as severe post traumatic headaches, neck pain, visual processing tracking and convergence disorder and some aspects of PTSD." Dkt. 19-2 at 8.

Steele similarly offers the deposition of Patricia Camplair, Ph.D., a clinical neuropsychologist who evaluated Steele and concluded that the derailment caused a mild neurocognitive disorder. Dkt. 19-3 at 23. Her report was also attached to her deposition. Dkt. 19-3. Vucinovich supplies a Declaration of Dr. Braden Nago, a treating neurologist who opines (under penalty of perjury, Dkt. 19-4 at 2) that Steele suffered a mild traumatic brain injury in the derailment. Dkt. 19-4 at 4. He testifies that his attached two-page report is true and correct. *Id*. at 1.

Finally, Steele relies on the deposition of Dr. Michelle Brown, Psy.D, who provided psychotherapy to Steele for almost two years after the derailment. Dr. Brown opines that Steele suffered a mild traumatic brain injury in the derailment. Dkt. 19-5 at 5. Her report was Exhibit 2 to her deposition and was the subject of counsel's interrogation. *Id.* at 4.

Steele emphasizes that Amtrak has not identified any experts to counter any of these opinions. Dkt. 18 at 4.

Amtrak seeks to strike Steele's "unsworn expert reports" as hearsay, inadmissible to support or oppose summary judgment under Rule 56(c). Dkt. 20 at 8; Dkt. 22 at 2. It also argues that causation is uniformly a "question of fact for the jury." Dkt. 20 at 9. Amtrak does not offer any competing or contrary expert testimony. It does suggest that, based on its review of her medical records, at least some of Steele's symptoms could have been caused by something other than the derailment.

The motions are addressed in turn.

**A.      Amtrak's Motion to Strike is DENIED.**

Amtrak moves to strike Steele's expert reports, claiming they are unsworn and thus hearsay under the Federal Rules of Evidence and inadmissible under Federal Rule of Procedure 56(c)(4). Dkt. 20 at 1–2; Dkt. 22 at 2. It relies primarily on *Harris v. Extendicare Homes, Inc.*, 829 F. Supp. 2d 1023, 1027 (W.D. Wash 2011) ("unsworn expert reports are inadmissible").

In *Harris*, a court in this District struck as inadmissible hearsay two experts' "preliminary reports" attached to plaintiff Harris's attorney's declaration, offered in response to defendant's summary judgment motion. *Id*. at 1027; *see also* Declaration of Ken Gorton, *Harris v. Extendicare Homes, Inc.*, No. 10-cv-5752-RBL (W.D. Wash. Aug. 10, 2011), Dkt. 37. Harris did not include deposition excerpts or sworn declarations from the experts; her attorney was effectively testifying about what the experts would say

under oath. *Harris*, 829 F. Supp. 2d at 1027 ("counsel . . . is not competent to testify about the matters [in the reports]").

The reports and opinions at issue in *Harris* were indisputably "unsworn," but that case is not precedent for striking the opinions offered here. Steele's expert opinions *are* sworn. Three are excerpts from depositions—which attached the reports as exhibits—taken under oath by Amtrak's attorney, Andrew Yates. *See* Dkts. 19-2, 19-3, and 19-5. The fourth opinion, Dr. Nago's, is in the form of a declaration offered under penalty of perjury. *See* Dkt. 19-4.

Courts routinely rely upon such deposition excerpts and declarations or affidavits, even from experts, to evaluate evidence in support of and in response to summary judgment motions. Indeed, Amtrak asks the Court to do just that in its Response to Steele's summary judgment motion, Dkt. 20. Amtrak's Response is supported by Yates's Declaration, which attaches twenty exhibits of precisely the same nature as those attached to Vucinovich's Declaration, Dkt. 19, including excerpts from the same medical experts' depositions. Dkt. 21. Amtrak's evidence is not more authenticated or less hearsay than is the evidence upon which Steele relies.

As Steele argues, "[a]t the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." Dkt. 24 at 3 (citing *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)). Steele's experts' opinions are admissible in their proffered form for purposes of summary judgment under Rule 56(c). *Harris* does not support the opposite conclusion.

1    The remainder of Amtrak's objections to Steele's experts' opinions relate to the
2    experts' qualifications and the broad nature of some of their opinions. Dkt. 22 at 3–4.
3    Amtrak states without explaining, for example, that Dr. Camplair "is not qualified to
4    opine broadly on the use of a CPAP device." *Id.* at 4. These objections do not relate to the
5    causation issue before the Court and any objections along these lines will be addressed at
6    trial.

7    Amtrak's Motion to Strike, Dkt. 22, is **DENIED**.

**B.    Steele's Motion for Summary Judgment is Granted in part.**

Steele's summary judgment motion on the causation element of her negligence claim against Amtrak presents a closer question.

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the

1  nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant
2  has met this burden, the nonmoving party then must show that there is a genuine issue for
3  trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of
4  a genuine issue of material fact, "the moving party is entitled to judgment as a matter of
5  law." *Celotex*, 477 U.S. at 322.

6       Steele broadly seeks a ruling as a matter of law that her injuries were caused by
7  the derailment of Amtrak 501. In addition to objecting to expert testimony about Steele's
8  injuries and their cause, Amtrak argues that Steele's medical records reflect she had
9  similar or related symptoms before the derailment and that even her experts allow that her
10 post-derailment complaints could be affected by other events. Dkt. 20 at 10–12. It
11 credibly makes this argument despite not having any experts of its own.

12      Amtrak argues that "causation is a question of fact for the jury." Dkt. 20 at 9
13 (citing *Wyler v. Holland American Line-USA, Inc.*, 348 F. Supp. 2d 1206, 1209 (W.D.
14 Wash. 2003)). This is true, of course, where there is some evidence that the injury was
15 caused by something other than the tort at issue. An inherently factual determination may
16 be made as a matter of law where there is no genuine dispute about that fact; that is the
17 very nature of summary judgment.

18      Amtrak's response focuses on whether the derailment caused all Steele's
19 symptoms and on the fact that Steele's migraine headaches, for example, could have been
20 instead caused by a change in birth control medication. Dkt. 20 at 10–11. But Amtrak's
21 argument that the derailment did not cause Steele's mild neurocognitive disorder is not
22 supported by any evidence or any reasonable inference from the evidence in the record.

Amtrak argues that Steele is recovering well, claiming that her "accomplishments and ability to lead a productive life casts doubt on Dr. Camplair's and Nago's claim that Plaintiff has mild neurocognitive disorder." Dkt. 20 at 6; *see also* Dkt. 20 at 11 ("[T]he claim that Plaintiff sustained mild traumatic brain injury is belied by the fact that she returned to her graduate studies and graduated and is able to drive, read 400 pages in six days, and engages in various sports activities."). These are damages arguments, not causation arguments.

It is of course possible that a jury could find that some of Steele's symptoms and impairments were not caused by the derailment. A reasonable jury could not find that, based on her ability to lead a productive life notwithstanding the derailment, Steele suffered no injury at all.

The issues of damages and causation are often intertwined. But Steele has established as a matter of law that the derailment caused her mild traumatic brain injury. There is no contrary evidence. Steele's motion for summary judgment on causation is **GRANTED**, to the limited extent that the derailment caused her mild traumatic brain injury.

At trial, Amtrak will be permitted to cross examine Steele and her experts about the timing of and other potential causes of her symptoms and to claim that despite the derailment she is leading a fulfilling and productive life. Whether the symptoms, deficiencies, and challenges Steele faces were the result of the derailment goes to both the cause and the amount of her damages. If and to the extent Steele seeks a ruling that

Amtrak caused all her symptoms, her motion is **DENIED**. Steele's damages will await a jury's determination.

**IT IS SO ORDERED.**

Dated this 16th day of September, 2021.

BENJAMIN H. SETTLE
United States District Judge