THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| **KYLIE STEELE**, <br><br> Plaintiffs, <br><br> v. <br><br> **NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, a District of Columbia corporation; and, DOES ONE THROUGH FIFTY,** <br><br> Defendants. | Case No.  3:19-cv-05553-BHS <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTIONS *IN LIMINE*** <br><br> **NOTE ON MOTION CALENDAR: SEPTEMBER 24, 2021** |

## INTRODUCTION

Several of Defendant National Railroad Passenger Corporation's ("Amtrak") Motions *in limine* are made in the abstract, anticipating hypothetical circumstances, or seeking to exclude broad categories of evidence without specificity. Courts should deny a motion in limine when "'it lacks the necessary specificity with respect to the evidence to be excluded.'" *Starling v. Union Pac. R.R. Co.*, 203 F.R.D. 468, 482 (D. Kan. 2001) (quoting *National Union v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Instead, the Court should address questions

Plaintiff's Response To Defendant National Railroad Passenger Corporation's Motions *In Limine* - Page 1
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

over the admissibility of evidence as issues arise at trial. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Hunter v. Blair*, 120 F.R.D. 667 (S.D. Ohio 1987).

Despite the lack of specificity in several of the motions of Amtrak, Ms. Steele attempts to address the motions *in limine* below based on the limited information provided. While there is some agreement as to general statements of universally applicable rules, for the most part Amtrak's motions should be denied.

1. **Evidence Not Produced in Discovery, including Expert Opinion, Documents, and Photographs.**

This motion is vague and fails to specifically identify any evidence it claims was not properly produced. Any ruling on such a motion must therefore be reserved for trial. Additionally, to the extent the motion applies to discovery or evidence obtained and produced by Plaintiff after the close of discovery in accord with continuing obligations of discovery on Plaintiff (and Amtrak), it is improperly seeking to exclude potentially relevant evidence. Plaintiff's treatment is ongoing, and a deposition was taken after the close of discovery as specifically extended by the Court. *See* Dkt. #17. Updates to expert reports were necessitated as a result of such late-occurring discovery, as well as necessary updates and new information resulting from Plaintiff's continuing treatment. Nonetheless, all such evidence and information have all been properly and timely produced to Amtrak, and should not be precluded. The motion should be denied.

2. **Reference to Discovery Orders or Discovery Issues.**

Plaintiff does not oppose this motion at this time. To the extent issues at trial affect the relevance of these matters, Plaintiff reserves the right to address such issues as they arise.

3. **Motions on Expert-Related Issues.**

Plaintiff's Response To Defendant National Railroad Passenger Corporation's Motions *In Limine* - Page 2
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

a. **Opinions of Michelle Brown, Psy.D., are properly founded, relevant, and admissible.**

Amtrak's motion concerns the factual basis of Dr. Brown's opinion, which is a matter for cross-examination, not for a motion to exclude the testimony entirely. The "'factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination.'" *Bluetooth SIG, Inc. v. FCA US LLC*, 468 F. Supp. 3d 1342, 1349 (W.D. Wash. 2020) (quoting *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 978 F. Supp. 2d 1053, 1069 (C.D. Cal. 2013)).

Michelle Brown, Psy.D., may properly testify as to her clinical observations made of Plaintiff that are within the scope of her expertise, as testified to in her deposition and in her clinical records and reports, including her supplemental report dated March 31, 2021. Contrary to Amtrak's assertion, Plaintiff was seen by Dr. Brown after November of 2019. On March 24, 2021, Dr. Brown held a telehealth psychotherapy appointment with Plaintiff. Following that appointment Dr. Brown issued her supplemental report, dated March 31, 2021, which was promptly disclosed to Amtrak with Plaintiff's Supplemental Rule 26 disclosures on April 5, 2021. Dr. Brown should be able to properly testify as to her past treatment of Plaintiff and her current assessment based on her most recent visit, and opinions formulated thereby as set forth in her reports. Amtrak's motion should be denied.

b. **All disclosures required by Fed. R. Civ. P. 26(a)(2) regarding Patricia Camplair, Ph.D., have been provided to Amtrak.**

Amtrak's motion incorrectly claims that Plaintiff has not produced Dr. Camplair's testimony list and billing history, and further notes that Amtrak would withdraw the motion if those materials were produced prior to Friday, September 10, 2021. Plaintiff initially produced

Plaintiff's Response To Defendant National Railroad Passenger Corporation's
Motions *In Limine* - Page 3
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

Dr. Camplair's prior testimony listing with her expert disclosures and did so again with a production of all invoices on September 7, 2021. Therefore, Amtrak's motion should be denied.

Expert disclosures in this matter were due on April 5, 2021. However, Amtrak sought to depose previously identified experts prior to disclosures being served, in preparation for mediation of this matter. On February 8, 2021, after the deposition notice, noticing Dr. Camplair's deposition for March 2, 2021, and subpoena for Dr. Camplair were provided to counsel's office, counsel for Plaintiff clearly indicated that he did not accept subpoenas on behalf of treating physicians or retained experts. (Declaration of James K. Vucinovich ("Vuc. Dec."), ¶ 3, Exhibit 1, email correspondence between counsel.) Counsel informed Amtrak he would not accept the subpoena, and that Amtrak had her file which was produced in discovery. *Id.*

In anticipation Dr. Camplair's deposition, on March 1, 2021, Plaintiff produced an index of Dr. Camplair's file, her interview notes, and her fee schedule. Subsequently, on April 5, 2021, with Plaintiff's Rule 26(a)(2) expert disclosures, Plaintiff produced an index of the materials relied upon by Dr. Camplair, her CV, fee schedule, and her *prior testimonial history*. It was confirmed that the testimonial history was in the dropbox provided to Amtrak. On September 7, 2021, Plaintiff produced Dr. Camplair's invoices to date, and again produced her prior testimony list.

Dr. Camplair's testimony list has been in Amtrak's possession since expert disclosures were due on April 5, 2021, and her invoices through September 7, 2021, were provided on that date. Amtrak's motion, which states it will be withdrawn if the records were produced by September 10, 2021, must therefore be denied.

**4.   Inflammatory Questioning, Statements, and Argument by Counsel, Including Attempts to Disparage Amtrak.**

Plaintiff's Response To Defendant National Railroad Passenger Corporation's
Motions *In Limine* - Page 4
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

Amtrak's motion is too vague for a reasoned response by Plaintiff. Counsel for Plaintiff is fully aware of proper courtroom conduct and the Court is fully capable of controlling the courtroom and enforcing proper conduct of the attorneys, if necessary, without the entry of any such vague, non-specific order.

**5.      Cumulative Fact Witnesses.**

Again, this is a motion best left for trial. Amtrak has failed to identify any specific evidence that should be excluded. Without offering any specific testimony or opinion Amtrak claims is cumulative, the Court "cannot preemptively grant defendant's motion in limine." *Mabrey v. Wizard Fisheries, Inc.*, C05 1499 RSL, 2007 WL 1876540, at *1 (W.D. Wash. June 27, 2007). "'Unless evidence [is clearly admissible on all potential grounds], evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.'" *Turner v. Univ. of WA*, C05-1575RSL, 2007 WL 2984683, at *1 (W.D. Wash. Oct. 10, 2007) (quoting *Hawthorne Partners v. AT & T Techs., Inc.,* 831 F. Supp. 1398, 1400 (N.D.Ill.1993)).

Plaintiff likely will not call all listed fact witnesses and will make every effort to avoid cumulative testimony. However, Plaintiff does bear the burden of proof on damages and the Court should allow the Plaintiff an opportunity to comprehensively prove the full nature and extent of her injuries, harms, and losses. The identified fact witnesses personally know Plaintiff from different perspectives and time periods and can therefore offer unique insight into the changes and limitations they have observed in Ms. Steele as a result of her brain injury. Each was timely and properly identified, giving Amtrak a full opportunity to depose each witness, which Amtrak chose not to. Amtrak may interpose objections at trial in accordance with the rules of evidence, but Plaintiff must be allowed leeway to fully and fairly present comprehensive

Plaintiff's Response To Defendant National Railroad Passenger Corporation's Motions *In Limine* - Page 5
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

1  testimony as to the nature of her damages. In any event, a non-specific order should not issue

2  about cumulative testimony that may never materialize in the case.

3  **6.      Testimony of Rik Lemoncello, Ph.D.**

4         Dr. Lemoncello is a tenured speech language pathologist professor at Pacific University

5  in Oregon and has been a professor in this field for over 20 years. Vuc. Dec., ¶ 4, Exhibit 2,

6  Deposition of Rik Lemoncello, Ph.D., at pp. 9:8-9; 13:15 – 14:3.[1] His academic career also

7  includes a clinical component where he supervises graduate students in the university clinics at

8  Pacific University, and previously at Portland State University. Ex. 2, at pp. 14:8 – 16:7.

9  Approximately fifteen percent (15%) of the clinics' clients in that time have had some type of

10 mild traumatic brain injury. Plaintiff is not a "client" or "patient" of Dr. Lemoncello, and he has

11 never provided "health care or medical treatment" to Ms. Steele. Ex. 2, at pp. 16:15 – 18:3; 25:22

12 – 26:6.

13         In addition to his academic career, Dr. Lemoncello founded Sarah Bellum Bakery &

14 Workshop in May of 2016 and works approximately 40 hours per week operating the bakery and

15 supervising employees. Ex. 2, at p. 21:20 – 23:16. Sarah Bellum Bakery & Workshop is a non-

16 profit organization that supports return-to-work opportunities for adults with acquired brain

17 injuries. Ex. 2, at p. 10:9-14, and exhibit 1 thereto, CV of Rick Lemoncello, Ph.D., at page 15.

18 The Bakery was designed as a means for brain injured individuals to help to improve their

19 stamina and skills in the work setting of a bakery.  The experience was specifically set up to

20 establish goals and set remedial steps to help each brain injured persons improve their function.

21 As part of her rehabilitation efforts, Plaintiff volunteered to work at the Bakery, and in his

---

[1] Amtrak deposed Dr. Lemoncello on June 23, 2021, after the Court granted the parties joint motion to extend discovery for the purpose of taking his deposition.

Plaintiff's Response To Defendant National Railroad Passenger Corporation's
Motions *In Limine* - Page 6
Case No.: 3:19-cv-05553-BHS

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

capacity as director of the Bakery, Dr. Lemoncello was a supervisor and job coach of Plaintiff, supervising her for numerous shifts and participating in at least one hour-long Zoom conference call per week with Plaintiff (and other Bakery workers) during the pandemic. Ex. 2, at pp. 26:7 – 29:3.

Fed. R. Evid. 701 allows for opinion testimony by a lay witness if the opinion is based rationally based upon the first-hand perception of the witness, helpful to the jury, and not based upon scientific, technical or other specialized knowledge. "Rule 701's liberalization of the admissibility of opinion evidence is rooted in the modern trend away from fine distinctions between fact and opinion and toward greater admissibility, tempered with an understanding that the adversary process, and more specifically, cross-examination will correct any problems." *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1195–96 (3d Cir. 1995). "[Q]uintessential Rule 701 opinion testimony include[s] … the mental state or responsibility of another, … and other situations in which the differences between fact and opinion blur and it is difficult or cumbersome for the examiner to elicit an answer from the witness that will not be expressed in the form of an opinion." *Id.* at 1197–98.

"We understand Rule 701 to mean that

'[o]pinions of non-experts may be admitted where the facts could not otherwise be adequately presented or described to the jury in such a way as to enable the jury to form an opinion or reach an intelligent conclusion. If it is impossible or difficult to reproduce the data observed by the witnesses, or the facts are difficult of explanation, or complex, or are of a combination of circumstances and appearances which cannot be adequately described and presented with the force and clearness as they appeared to the witness, the witness may state his impressions and opinions based upon what he observed. It is a means of conveying to the jury what the witness has seen or heard.'"

*United States v. Yazzie*, 976 F.2d 1252, 1255 (9th Cir. 1992) (quoting *United States v. Skeet,* 665 F.2d 983, 985 (9th Cir.1982)). The Ninth Circuit has recognized the admissibility of lay opinion

Plaintiff's Response To Defendant National Railroad Passenger Corporation's
Motions *In Limine* - Page 7
Case No.: 3:19-cv-05553-BHS

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

testimony regarding capacity and competence, as long as the opinions are based upon the observations of the witness. *See Crawford v. City of Bakersfield*, 944 F.3d 1070, 1079 (9th Cir. 2019); *Raineri v. Colvin*, 3:14-CV-05453-RBL, 2015 WL 1884171, at *6 (W.D. Wash. Apr. 6, 2015) (wherein the Court implicitly recognized the admissibility both medical and "lay witness opinion evidence" concerning the plaintiff's "mental functional limitations," and "residual functional capacity and ability to perform other jobs. …")

Plaintiff volunteered to work at the Bakery as part of her rehabilitation efforts. In his capacity as founder and director of the Bakery, Dr. Lemoncello had the opportunity to personally observe and interact with Plaintiff while she was engaged in her rehabilitation efforts. As such, similar to any other supervisor or boss who has worked with an employee, he can properly offer his opinion about her job performance and ability to perform certain tasks and skills.

The fact that Dr. Lemoncello has the specialized "knowledge, skill, experience, training and education" required under Rule 702 does not disqualify him from testifying on these matters properly within the purview of Rule 701, that are "rationally based upon [his] perception." The Advisory Committee Notes to Rule 701 state that Rule 701 "does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*." (Emphasis in original.) It is the substance of the testimony, not the level of knowledge or education, or any specialized language used by the witness, that is determinative. For these reasons alone, Amtrak's motion should be denied.

In addition, however, Amtrak's motion is really not one of preclusion, but of evidentiary limitation properly subject to application of the rules of evidence during trial.  In the absence of any *specific* opinion for the Court's consideration at this time, the Court has no basis to cogently

Plaintiff's Response To Defendant National Railroad Passenger Corporation's
Motions *In Limine* - Page 8
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

rule that such opinion is inadmissible as Amtrak seeks. Amtrak's motion must be denied, and it may object at trial to any testimony it claims is improper.

**7.     Unpaid Medical Expenses**

Plaintiff has submitted a similar motion and agrees that medical records and medical bills should be excluded from evidence. (*See* Dkt. # 33, Motion 2.) The parties are working toward a solution to avoid offering this evidence at trial.

**8.     Evidence of Amtrak's Liability, and Testimony and Reports of Liability Experts (Allan F. Tencer, Ph.D.).**

Contrary to Amtrak's contention, Plaintiff does, in part, oppose this motion. As to Plaintiff's identified liability expert, Allan F. Tencer, Ph.D.[2] Plaintiff has expressed agreement not to call Dr. Tencer if Amtrak stipulates to the exhibits and stipulated facts as proposed by Plaintiff in the amended Pre-Trial order provided to Amtrak. This amended version included additional facts to which Amtrak has stipulated in prior Related Cases, as well as several still photographs depicting the damage to the rail car Plaintiff was riding in at the time of the derailment. Plaintiff anticipates the parties will come to some agreement on this issue, making this motion moot.

If not mooted, however, this is not a motion that can be granted. Amtrak's motion purports to encompass any and all evidence related to liability. However, in an admitted liability case, evidence related to liability is admissible as long as it is relevant to the question of damages. *Snyder v. Gen. Elec. Co.*, 47 Wash. 2d 60, 67-68, 287 P.2d 108, 112-13 (1955); *Smelko v. Brinton*, 241 Kan. 763, 768, 740 P.2d 591, 595 (1987) ("Although plaintiffs were relieved of establishing liability, we think the better rule is to permit a plaintiff to introduce reasonable evidence to show

---

[2] Subpart a. of Amtrak's motion.

Plaintiff's Response To Defendant National Railroad Passenger Corporation's
Motions *In Limine* - Page 9
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

how the injury was sustained."); *Jones v. Carvell*, 641 P.2d 105, 112 (Utah 1982) (evidence going *only* to liability is excluded in admitted liability claim) (emphasis added). In *Snyder*, an admitted liability claim for an injury to a passenger in a bus accident, the court allowed evidence of, among other things, where the plaintiff was seated, the speed of the bus and the force of the impact, so that the jury could properly assess the plaintiff's damages. Similarly, in this matter, the Court should allow such limited evidence showing positioning, forces, etc., to allow the jury to assess Plaintiff's damages, and this motion should be denied.

   **b.** **Employees of Amtrak.**

To the extent an Amtrak employee was a passenger/employee on Amtrak Cascades Train 501, that employee would have first-hand knowledge of the force of impact and what was experienced during the derailment. To the extent the testimony of the Amtrak employee is limited to such matters related to damages, there is no justification to exclude those witnesses simply because they are employed by Amtrak.

   **c.** **Exhibits relating to liability.**

As set forth previously, exhibits which bear some relationship to mixed damage *and* liability, as opposed to exhibits *only* relevant to liability, should be admitted.

   **d.** **References to positive train control.**

Plaintiff does not oppose this portion of the motion.

**9.** **Media Reports Regarding the Derailment or Return to Service on the Point Defiance Bypass.**

To the extent any photographs showing the nature and extent of the impact were included in media reports, such photographs should not be excluded wholesale, as these may bear on the

Plaintiff's Response To Defendant National Railroad Passenger Corporation's
Motions *In Limine* - Page 10
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

nature and extent of Plaintiff's injuries and damages therefrom. Otherwise, Plaintiff does not oppose this motion.

**10.    Congressional Intent of the FAST Act**

Plaintiff does not oppose this motion at this time. To the extent issues at trial affect the relevance of these matters, Plaintiff reserves the right to address such issues as they arise.

**11.    Court Rulings on or Mention of Motions *in Limine***

Plaintiff does not oppose this motion at this time. To the extent issues at trial affect the relevance of these matters, Plaintiff reserves the right to address such issues as they arise.

**12.    Amtrak Derailments, Crossing Collisions, and Other Incidents**

Plaintiff does not oppose this motion at this time. To the extent issues at trial affect the relevance of these matters, Plaintiff reserves the right to address such issues as they arise.

**13.    Comparative Wealth of the Parties**

Plaintiff does not oppose this motion at this time. To the extent issues at trial affect the relevance of these matters, Plaintiff reserves the right to address such issues as they arise.

**14.    References to Liability Insurance**

Plaintiff does not oppose this motion at this time. To the extent issues at trial affect the relevance of these matters, Plaintiff reserves the right to address such issues as they arise.

**15.    NTSB Report or Working Group Conclusions**

To the extent any photographs showing the nature and extent of the impact were included in the NTSB reports, said photographs, in the absence of any accompanying information, should not be excluded for the same reason that media photographs should not be excluded, as these may bear on the nature and extent of Plaintiff's injuries. Otherwise, Plaintiff does not oppose this motion.

Plaintiff's Response To Defendant National Railroad Passenger Corporation's
Motions *In Limine* - Page 11
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

**16.   Punitive Damages**

Plaintiff does not oppose this motion at this time. To the extent issues at trial affect the relevance of these matters, Plaintiff reserves the right to address such issues as they arise.

**17.   Other Settlements and Offers to Settle Plaintiff's Case**

Plaintiff does not oppose this motion at this time. To the extent issues at trial affect the relevance of these matters, Plaintiff reserves the right to address such issues as they arise.

**18.   Fatalities at the Derailment**

Plaintiff does not oppose this motion at this time. To the extent issues at trial affect the relevance of these matters, Plaintiff reserves the right to address such issues as they arise.

Dated: September 20, 2021      **ROSSI VUCINOVICH PC**

By: *s/ James K. Vucinovich*
James K. Vucinovich, WSBA No. 29199
jvucinovich@rvflegal.com
**ATTORNEYS FOR PLAINTIFF**

Plaintiff's Response To Defendant National Railroad Passenger Corporation's Motions *In Limine* - Page 12
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTIONS *IN LIMINE*** on the date indicated via Email and U.S. mail, postage prepaid, and addressed to said attorney(s) at the address(es) listed below:

Tim D. Wackerbarth
Andrew G. Yates
Lane Powell PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
wackerbartht@lanepowell.com
yatesa@lanepowell.com

Mark S. Landman
mlandman@lcbf.com
John A Bonventre
jbonventre@lcbf.com

**ATTORNEYS FOR DEFENDANT**

Dated: September 20, 2021

*s/ Carter Brinchmann*
Carter Brinchmann, Legal Assistant

Plaintiff's Response To Defendant National Railroad Passenger Corporation's Motions *In Limine* - Page 13
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004