THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| **KYLIE STEELE**,<br><br>Plaintiffs,<br><br>v.<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, a District of Columbia corporation; and, DOES ONE THROUGH FIFTY**,<br><br>Defendants. | Case No. 3:19-cv-05553-BHS<br><br>**PLAINTIFF'S TRIAL BRIEF** |

## INTRODUCTION

Plaintiff Kylie Steele respectfully submits the following Trial Brief to address the factual, legal, and evidentiary issues presented in this matter. This claim arises out of an incident on December 18, 2017, at approximately 7:30 a.m., when Amtrak Cascades Train 501 derailed near DuPont, Washington. Plaintiff brought a common-law negligence action against National Railroad Passenger Corporation, d/b/a Amtrak ("Amtrak") as a result of this incident. Amtrak has admitted liability in this matter, and the Court has granted Plaintiff's summary judgment

Plaintiff's Trial Brief - Page 1
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

motion on the issue of causation. The sole issue for the jury in this matter is the nature and extent of Ms. Steele's injuries; the amount of damages to which she is entitled as a result of this incident.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 18, 2017, Kylie Steele was a 24-year-old woman traveling as a passenger on Amtrak Cascades Train 501 from Seattle to Oregon City, Oregon. She was traveling to meet up with her parents to spend the Christmas holidays with her family.

At approximately 7:30 a.m. on that day, Ms. Steele was riding in the sixth passenger car, numbered AMTK 7422, on the Amtrak Train 501 as it traveled south towards Oregon. At that time, the train was traveling on the Point Defiance Bypass section of the Lakewood Subdivision, on a descending grade, approaching the curve at milepost 19.8 that crosses over Interstate 5 from east to west. The curve located at milepost 19.8 had a permanent speed restriction of 30 miles per hour, but Train 501 was traveling at 78 miles per hour as it approached the curve, and never slowed. Due to this excessive speed, the lead locomotive and the passenger cars, including AMTK 7422 on which Plaintiff was riding, was caused to jump the track and derail. As a result, Ms. Steele sustained serious and permanent injuries and damages, including a mild traumatic brain injury which significantly interferes with her function and abilities, and other physical injuries that have required treatment and that have caused her pain and suffering and limitations.

Prior to the derailment, Ms. Steele was a very active young woman with no pre-existing medical or psychological conditions connected to her complained of injuries and damages. She was an active participant in soccer, basketball, softball, snowboarding, and tennis in high school, and continued to play soccer and basketball recreationally in college, as well as snowboarding. As a young adult, she was a runner, training for and successfully completing a marathon in 2016.

Plaintiff's Trial Brief - Page 2
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

At the time of the derailment, Ms. Steele was enrolled at Antioch University in Seattle, Washington, pursuing a Master of Arts in Education degree.

Ms. Steele was asleep at the time of the derailment and was jarred awake as the train started to leave the tracks. The car crashed to a rest perpendicular to the track, and Ms. Steele suffered a mild traumatic brain injury in the derailment. As a result of the mild traumatic brain injury, she experiences severe fatigue and loss of stamina, and debilitatingly is unable to focus and concentrate for sustained periods of time. She suffers from severe headaches, including when she exerts herself, vision difficulty, and difficulty with her balance. She also still suffers from neck pain resulting from the derailment.

## LEGAL AND EVIDENTIARY ISSUES

Amtrak has admitted liability for the incident. Plaintiff will introduce relevant background facts and exhibits that are relevant to damages to show the force of impact, the damage to the passenger car, and other matters relevant to Plaintiff's damage claims. This limited evidence related to liability is admissible, as it is relevant to the question of damages. *Snyder v. Gen. Elec. Co.*, 47 Wash. 2d 60, 67-68, 287 P.2d 108, 112-13 (1955); *Smelko v. Brinton*, 241 Kan. 763, 768, 740 P.2d 591, 595 (1987) ("Although plaintiffs were relieved of establishing liability, we think the better rule is to permit a plaintiff to introduce reasonable evidence to show how the injury was sustained."); *Jones v. Carvell*, 641 P.2d 105, 112 (Utah 1982) (evidence going *only* to liability is excluded in admitted liability claim) (emphasis added). In *Snyder*, an admitted liability case for an injury to a passenger in a bus accident, the court allowed evidence of, among other things, where the plaintiff was seated, the speed of the bus and the force of the impact, so that the jury could properly assess the plaintiff's damages. Plaintiff intends to introduce similar such evidence as it is highly relevant to the nature and extent of Plaintiff's injuries and damages.

Plaintiff's Trial Brief - Page 3
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

On September 16, 2021, the Court granted Plaintiff's summary judgment on the issue of causation, holding that: "Steele has established as a matter of law that the derailment caused her mild traumatic brain injury. There is no contrary evidence. Steele's motion for summary judgment on causation is **GRANTED**, to the limited extent that the derailment caused her mild traumatic brain injury." *See* Dkt. No. 36, at p. 7 (emphasis in original). The jury should thus be instructed that Amtrak caused Ms. Steele's mild traumatic brain injury through its negligence in the derailment, and that should not be disputed at trial. Plaintiff did sustain a variety of other physical and emotional injuries as a result of the derailment and such evidence will also be presented at trial. Therefore, the issues for determination in this trial are the nature and extent of Ms. Steele's other injuries and the amount of damages to which she is entitled for the impacts of her traumatic brain injury and any other injuries she establishes she suffered as a result of this incident.

Other evidentiary issues which may arise at trial involved the introduction of medical records and the failure to identify and disclose witnesses. Regarding medical records, the parties are attempting to come to an agreement regarding the use of records during trial. However, Plaintiff submits medical records should not be admitted as exhibits to the jury. As set forth in Plaintiff's motions *in limine*,[1] witnesses may be questioned about the contents of the records, but introducing the records themselves, which of necessity will be heavily redacted and in a difficult-to-read electronic format, invites speculation and conjecture by the jury, serves to confuse the jury, and does not carry sufficient probative value to warrant admission. Any potential relevance of the medical records is substantially outweighed by the danger of unfair prejudice, confusing the jury and the needless presentation of cumulative evidence.

---

[1] See Dkt. No. 33, motion no. 2.

Plaintiff's Trial Brief - Page 4
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

Additionally, throughout discovery Amtrak has failed to specifically identify any witness it intends to call and instead only generically refers to Plaintiff's "medical providers." For the first time, as part of its proposed list of witnesses for the parties' Joint Pretrial Order, Amtrak has now specifically identified over ten witnesses (medical and fact) which it may call at trial, despite never specifically identifying any of these witnesses in disclosures or in response to specific interrogatories requesting such information. Plaintiff submits this is a violation of the disclosure requirements of Fed. R. Civ. P. 26(a) and (e) and should result in the exclusion of such witnesses under Fed. R. Civ. P. 37(c)(1). Plaintiff intends to address this matter with the Court at the pretrial conference and during trial of this matter, and has noted its objection in the parties' joint proposed pretrial order.

## ECONOMIC DAMAGES

Plaintiff has retained Jeffrey Opp, an expert economist, to perform an analysis and computations regarding Ms. Steele's economic losses. Mr. Opp will testify that Plaintiff has sustained past economic losses in the amount of $152,907.[2] Based upon the medical evidence regarding Plaintiff's future capacity and earnings potential given her injuries and disability, Mr. Opp will testify that Plaintiff future economic losses range from $1,922,473 to $2,235,318. The projected value of Ms. Steele's loss of future Social Security pension benefits range from $114,469 to $166,024. All projected losses are discounted to present value and calculated net of Social Security and Medicare deductions.

Further, based upon information provided from Ms. Steele's vocational rehabilitation providers, Mr. Opp prepared a calculation of the future life-care requirements of Ms. Steele. The

---

[2] These losses, as well as future economic losses, are stated as of January 14, 2021, the date of Mr. Opp's report. The calculations will be updated to reflect the actual past and future losses as of the date of trial.

Plaintiff's Trial Brief - Page 5
Case No.: 3:19-cv-05553-BHS

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

calculated value of the life-care plan expenses range from $1,977,652 to $2,996,727. Again, the projected expenses are discounted to present value.

Ms. Steele does not intend to make any claims for past medical expenses or past out-of-pocket expenses related to care and treatment.

### NON-ECONOMIC DAMAGES

Plaintiff will also present evidence through her medical care providers and through a variety of friends and family who have known Ms. Steele for many years regarding the extensive non-economic damages she has sustained in this incident. Prior to this incident, Ms. Steele was a vibrant, very active young woman whose life has been permanently changed as a result of the derailment and her brain injury. Plaintiff will be diligent to avoid unnecessarily cumulative testimony in this regard. However, Plaintiff submits she should be granted leeway to fully explore and prove the full nature and extent of her damages. The witnesses Plaintiff intends to call know Ms. Steele from different perspectives and aspects of her life, and therefore offer unique perspectives and insight into the changes and limitations they have observed in Ms. Steele as a result of her brain injury. Plaintiff has the burden of proof on damages and therefore should be allowed to briefly call a variety of witnesses to provide a thorough and comprehensive picture of her extensive general damages and the impacts she has suffered across various aspects of her life from Amtrak's admitted negligence.

Dated: September 21, 2021    **ROSSI VUCINOVICH PC**

By: *s/ James K. Vucinovich*
James K. Vucinovich, WSBA No. 29199
C. N. Coby Cohen, WSBA No. 30034
jvucinovich@rvflegal.com
ccohen@rvflegal.com
**ATTORNEYS FOR PLAINTIFF**

Plaintiff's Trial Brief - Page 6
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004