1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

THE HONORABLE BENJAMIN H. SETTLE

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

**KYLIE STEELE,**

               Plaintiffs,

v.

**NATIONAL RAILROAD PASSENGER
CORPORATION, a/k/a AMTRAK, a
District of Columbia corporation; and,
DOES ONE THROUGH FIFTY,**

            Defendants.

Case No.  3:19-cv-05553-BHS

**JOINT STIPULATED JURY
INSTRUCTIONS**

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

# TABLE OF CONTENTS TO JOINT STIPULATED JURY INSTRUCTIONS

| No. | Title | Authority | Page No. |
|-----|-------|-----------|----------|
| 1 | Duty of the Jury | 9th Cir. 1.4 | 3 |
| 2 | Burden of Proof – Preponderance of the Evidence | 9th Cir. 1.6 | 4 |
| 3 | What is Evidence | 9th Cir. 1.9 | 5 |
| 4 | What is Not Evidence | 9th Cir. 1.10 | 6 |
| 5 | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 7 |
| 6 | Ruling on Objections | 9th Cir. 1.13 | 8 |
| 7 | Credibility of Witnesses | 9th Cir. 1.14 | 9 |
| 8 | Publicity During Trial | 9th Cir. 1.16 | 11 |
| 9 | No Transcript Available to Jury | 9th Cir. 1.17 | 12 |
| 10 | Taking Notes | 9th Cir. 1.18 | 13 |
| 11 | Bench Conferences and Recesses | 9th Cir. 1.20 | 14 |
| 12 | Deposition in Lieu of Live Testimony | 9th Cir. 2.4 | 15 |
| 13 | Expert Opinion | 9th Cir. 2.13 | 16 |
| 14 | Evidence in Electronic Format | 9th Cir. 2.16 | 17 |
| 15 | Duty to Deliberate | 9th Cir. 3.1 | 19 |
| 16 | Consideration of Evidence – Conduct of the Jury | 9th Cir. 3.2 | 20 |
| 17 | Communication with the Court | 9th Cir. 3.3 | 22 |
| 18 | Return of Verdict | 9th Cir. 3.5 | 23 |
| 19 | Corporations and Partnerships – Fair Treatment | 9th Cir. 4.1 | 24 |

PROPOSED INSTRUCTION NO. ___

Joint Stipulated Jury Instruction - Page 2
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

## DUTY OF THE JURY

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Ninth Cir. Pattern Jury Inst. No. 1.4

Joint Stipulated Jury Instruction - Page 3
Case No.: 3:19-cv-05553-BHS

1                               PROPOSED INSTRUCTION NO. ___

2                 BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Ninth Cir. Pattern Jury Inst. No. 1.6

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

PROPOSED INSTRUCTION NO. ___

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

Ninth Cir. Pattern Jury Inst. No. 1.9

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

PROPOSED INSTRUCTION NO. ___

WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3.    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.    Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Cir. Pattern Jury Inst. No. 1.10

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

1       PROPOSED INSTRUCTION NO. ___

2       DIRECT OR CIRCUMSTANTIAL EVIDENCE

3    Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

4 as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

5 evidence is proof of one or more facts from which you could find another fact.  You should

6 consider both kinds of evidence.  The law makes no distinction between the weight to be given

7 to either direct or circumstantial evidence.  It is for you to decide how much weight to give to

8 any evidence.

9    By way of example, if you wake up in the morning and see that the sidewalk is wet, you

10 may find from that fact that it rained during the night.  However, other evidence, such as a turned-

11 on garden hose, may provide a different explanation for the presence of water on the sidewalk.

12 Therefore, before you decide that a fact has been proved by circumstantial evidence, you must

13 consider all the evidence in the light of reason, experience and common sense.

14

15 Ninth Cir. Pattern Jury Inst. No. 1.12

16

17

18

19

20

21

22

23

24 Joint Stipulated Jury Instruction - Page 7
Case No.: 3:19-cv-05553-BHS

25

1

2          PROPOSED INSTRUCTION NO. ___

3              RULING ON OBJECTIONS

4          There are rules of evidence that control what can be received into evidence.  When a

5   lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks

6   that it is not permitted by the rules of evidence, that lawyer may object.  If I overruled the

7   objection, the question could be answered or the exhibit received.  If I sustained the objection,

8   the question could not be answered, and the exhibit could not be received.  Whenever I have

9   sustained an objection to a question, you must ignore the question and must not guess what the

10  answer might have been.

11         Sometimes I may have ordered that evidence be stricken from the record and that you

12  disregard or ignore that evidence.  That means when you are deciding the case, you must not

13  consider the stricken evidence for any purpose.

14

15  Ninth Cir. Pattern Inst. No. 1.13

16

17

18

19

20

21

22

23

24  Joint Stipulated Jury Instruction - Page 8                    **ROSSI VUCINOVICH P.C.**
    Case No.: 3:19-cv-05553-BHS                                   1000 Second Avenue, Suite 1780
25                                                                Seattle, Washington 98104
                                                                  (425) 646-8003/ Fax (425) 646-8004

1                 PROPOSED INSTRUCTION NO. ___

2                 CREDIBILITY OF WITNESSES

3      In deciding the facts in this case, you may have to decide which testimony to believe and

4  which testimony not to believe.  You may believe everything a witness says, or part of it, or none

5  of it.

6      In considering the testimony of any witness, you may take into account:

7        1.    the opportunity and ability of the witness to see or hear or know the things testified

8             to;

9        2.    the witness's memory;

10       3.    the witness's manner while testifying;

11       4.    the witness's interest in the outcome of the case, if any;

12       5.    the witness's bias or prejudice, if any;

13       6.    whether other evidence supported or contradicted the witness's testimony;

14       7.    the reasonableness of the witness's testimony in light of all the evidence; and

15       8.    any other factors that bear on believability.

16     Sometimes a witness may say something that is not consistent with something else he or

17 she said.  Sometimes different witnesses will give different versions of what happened.  People

18 often forget things or make mistakes in what they remember.  Also, two people may see the same

19 event but remember it differently.  You may consider these differences, but do not decide that

20 testimony is untrue just because it differs from other testimony.

21     However, if you decide that a witness has deliberately testified untruthfully about

22 something important, you may choose not to believe anything that witness said.  On the other

23

24 Joint Stipulated Jury Instruction - Page 9
   Case No.: 3:19-cv-05553-BHS

25

hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Cir. Pattern Inst. No. 1.14

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

1

PROPOSED INSTRUCTION NO. __

2

PUBLICITY DURING TRIAL

3      If there is any news media account or commentary about the case or anything to do with

4 it, you must ignore it. You must not read, watch or listen to any news media account or

5 commentary about the case or anything to do with it. The case must be decided by you solely and

6 exclusively on the evidence that will be received in the case and on my instructions as to the law

7 that applies. If any juror is exposed to any outside information, please notify me immediately.

8

9 Ninth Cir. Pattern Inst. No. 1.16

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   Joint Stipulated Jury Instruction - Page 11
     Case No.: 3:19-cv-05553-BHS

25

PROPOSED INSTRUCTION NO. ___

NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based upon what you recall of the evidence.  You will not have a transcript of the trial.

Ninth Cir. Pattern Inst. No. 1.17

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

1    PROPOSED INSTRUCTION NO. ___

2    TAKING NOTES

3        Some of you have taken notes during the trial.  Whether or not you took notes, you should

4    rely on your own memory of the evidence.  Notes are only to assist your memory.  You should

5    not be overly influenced by your notes or those of other jurors.

6

7    Ninth Cir. Pattern Inst. No. 1.18

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

PROPOSED INSTRUCTION NO. ___

BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Ninth Cir. Pattern Jury Inst. No. 1.20

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

PROPOSED INSTRUCTION NO. ___

DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*name of witness*] was taken on [*date*]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Ninth Cir. Pattern Jury Inst. No. 2.4

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

1    PROPOSED INSTRUCTION NO. ___

2    EXPERT OPINION

3    You have heard testimony from experts who testified to opinions and the reasons for those

4    opinions.   This opinion testimony is allowed, because of the education or experience of those

5    witness.

6    Such opinion testimony should be judged like any other testimony.  You may accept it or

7    reject it, and give it as much weight as you think it deserves, considering the witness's education

8    and experience, the reasons given for the opinion, and all the other evidence in the case.

9

10   Ninth Cir. Pattern Inst. No. 2.13

11

12

13

14

15

16

17

18

19

20

21

22

23

24   Joint Stipulated Jury Instruction - Page 16
     Case No.: 3:19-cv-05553-BHS

25

PROPOSED INSTRUCTION NO. ___

EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover

Joint Stipulated Jury Instruction - Page 17
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

that the computer provides or allows access to such materials, you must inform the Court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

Ninth Cir. Pattern Inst. No. 2.16

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

1    PROPOSED INSTRUCTION NO. ___

2    DUTY TO DELIBERATE

3    Before you begin your deliberations, elect one member of the jury as your presiding juror.

4    The presiding juror will preside over the deliberations and serve as the spokesperson for the jury

5    in court.

6    You shall diligently strive to reach agreement with all of the other jurors if you can do so.

7    Your verdict must be unanimous.

8    Each of you must decide the case for yourself, but you should do so only after you have

9    considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

10   It is important that you attempt to reach a unanimous verdict but, of course, only if each

11   of you can do so after having made your own conscientious decision.  Do not be unwilling to

12   change your opinion if the discussion persuades you that you should.  But do not come to a

13   decision simply because other jurors think it is right, or change an honest belief about the weight

14   and effect of the evidence simply to reach a verdict.

15

16   Ninth Cir. Pattern Inst. No. 3.1

17

18

19

20

21

22

23

24   Joint Stipulated Jury Instruction - Page 19          **ROSSI VUCINOVICH P.C.**
     Case No.: 3:19-cv-05553-BHS                          1000 Second Avenue, Suite 1780
                                                          Seattle, Washington 98104
25                                                        (425) 646-8003/ Fax (425) 646-8004

1           PROPOSED INSTRUCTION NO. ___

2      CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

3         Because you must base your verdict only on the evidence received in the case and on

4 these instructions, I remind you that you must not be exposed to any other information about the

5 case or to the issues it involves.  Except for discussing the case with your fellow jurors during

6 your deliberations:

7         Do not communicate with anyone in any way and do not let anyone else communicate

8 with you in any way about the merits of the case or anything to do with it.  This includes

9 discussing the case in person, in writing, by phone or electronic means, via email, via text

10 messaging, or any Internet chat room, blog, website or application, including but not limited to

11 Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.

12 This applies to communicating with your family members, your employer, the media or press,

13 and the people involved in the trial.  If you are asked or approached in any way about your jury

14 service or anything about this case, you must respond that you have been ordered not to discuss

15 the matter and to report the contact to the court.

16         Do not read, watch, or listen to any news or media accounts or commentary about the case

17 or anything to do with it; do not do any research, such as consulting dictionaries, searching the

18 Internet, or using other reference materials; and do not make any investigation or in any other way

19 try to learn about the case on your own.  Do not visit or view any place discussed in this case, and

20 do not use Internet programs or other devices to search for or view any place discussed during the

21 trial. Also, do not do any research about this case, the law, or the people involved—including the

22 parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to

23

24 Joint Stipulated Jury Instruction - Page 20
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

25

read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Ninth Cir. Pattern Inst. No. 3.2

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

PROPOSED INSTRUCTION NO. ___

COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Ninth Cir. Pattern Inst. No. 3.3

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

1

PROPOSED INSTRUCTION NO. ____

2

RETURN OF VERDICT

3

A verdict form has been prepared for you.  After you have reached unanimous agreement

4

on a verdict, your presiding juror should complete the verdict form according to your

5

deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

6

7

Ninth Cir. Pattern Inst. No. 3.5

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Joint Stipulated Jury Instruction - Page 23
Case No.: 3:19-cv-05553-BHS

25

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

1   PROPOSED INSTRUCTION NO. ___

2   CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT

3   All parties are equal before the law and a corporation is entitled to the same fair and
4   conscientious consideration by you as any party.

5

6   Ninth Cir. Pattern Inst. No. 4.1

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004