THE HONORABLE BENJAMIN H. SETTLE

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| KYLIE STEELE,<br><br>        Plaintiffs,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, a District of Columbia corporation; and, DOES ONE THROUGH FIFTY,<br><br>        Defendants. | Case No. 3:19-cv-05553-BHS<br><br>**JOINT DISPUTED JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS** |

Joint Disputed Tendered Jury Instructions - Page 1
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

# TABLE OF CONTENTS TO JOINT DISPUTED JURY INSTRUCTIONS

| No. | Title | Authority | Page No. | Party Tendering |
|---|---|---|---|---|
| 1 | Mortality Table | WPI 34.04 Mortality Table—Limitation on Use | 3 | Plaintiff |
| 2 | Damages – Proof; Measures of Types of Damages | Ninth Cir. Pattern Jury Inst. Nos. 5.1 & 5.2 | 5 | Plaintiff |
| 3 | Damages Arising in the Future – Discount to Present Cash Value | Ninth Cir. Pattern Jury Inst. No. 5.4 | 9 | Plaintiff |
| 4 | Damages Claimed for Injury, Pain, Disability, Disfigurement, Loss of Capacity for Enjoyment of Life | 3 Fed. Jury Prac. & Instr. § 128:02 (6th ed.) | 11 | Plaintiff |
| 5 | Amounts in Jury Verdict Not Taxable | IRC § 104(a)(2); *Burlington N., Inc. v. Boxberger*, 529 F.2d 284, 297 (9th Cir. 1975); *Kennett v. Delta Airlines, Inc.*, 560 F.2d 456, 462, n.7 (1st Cir. 1977) | 13 | Defendant |
| 6 | Stipulations of Fact | 9th Cir. 2.2 | 15 | Plaintiff |
|  | Plaintiff Kylie Steele's Proposed Special Verdict Form |  | 17 |  |
|  | Defendant National Passenger Railroad Corporation's Proposed Special Verdict Form |  | 18 |  |

Joint Disputed Tendered Jury Instructions - Page 2
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

PLAINTIFF'S PROPOSED INSTRUCTION NO. ___

MORTALITY TABLE

Kylie Steele is 28 years old. According to mortality tables, the average expectancy of life of a female aged 28 years is 53.96 years. This one factor is not controlling, but should be considered in connection with all the other evidence bearing on the same question, such as that pertaining to the health, habits, and activity of the person whose life expectancy is in question.

WPI 34.04 Mortality Table—Limitation on Use; Washington Insurance Commissioner's (www.insurance.wa.gov.) – 2010 United States population mortality (as modified)

Joint Disputed Tendered Jury Instructions - Page 3
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

Amtrak objects to this instruction and seeks to exclude it. Plaintiff's life expectancy is not at issue in this case. Witnesses are prepared to opine as to their opinions on Plaintiff's work life expectancy. No instruction to the jury is warranted.

Amtrak also objects to this instruction to the extent it deviates from the pattern instruction.

Joint Disputed Tendered Jury Instructions - Page 4
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

PLAINTIFF'S PROPOSED INSTRUCTION NO. ___

DAMAGES—PROOF; MEASURES OF TYPES OF DAMAGES

It is the duty of the Court to instruct you about the measure of damages.

Amtrak has admitted it is liable for all damages caused by the derailment, and the Court has instructed you that the derailment caused Plaintiff's mild traumatic brain injury. Therefore, you must determine the Plaintiff's damages.

The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries;

The disability and loss of enjoyment of life experienced by Plaintiff in the past and that with reasonable probability will be experienced in the future;

The mental, physical, and emotional pain and suffering experienced by Plaintiff in the past and that with reasonable probability will be experienced in the future;

*The reasonable value of necessary medical care, treatment, and services received to the present time;*

The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;

The reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, and/or employment opportunities lost up to the present time;

The reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, and/or employment opportunities that with reasonable probability will be lost in the future;

Joint Disputed Tendered Jury Instructions - Page 5
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

The reasonable value of necessary household help, services other than medical, and expenses required up to the present time;

The reasonable value of necessary household help, services other than medical, and expenses that with reasonable probability will be required in the future.

Ninth Cir. Pattern Jury Inst. No. 5.1; Ninth Cir. Pattern Jury Inst. No. 5.2 (as modified)

Joint Disputed Tendered Jury Instructions - Page 6
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

Amtrak objects to this proposed jury instruction to the extent it deviates from the pattern instruction.

Amtrak also objects because it has only admitted that it is liable for Plaintiff's compensatory damages proximately caused by the derailment. The nature and extent of Plaintiff's injuries and damages remain in dispute.

Amtrak also objects on the basis that Plaintiff has not yet proposed an instruction that the derailment caused Plaintiff's mild traumatic brain injury.

Amtrak also objects on the basis that the parties have agreed that the "reasonable value of necessary medical care, treatment, and services received to the present time," will not be presented to the jury. Plaintiff herself has stated that she is not making a claim for out of pocket medical expenses. See Dkt. 33, at 4:13-14 ("Plaintiff is not making any claim for past subrogated medical expenses, or for past out-of-pocket medical expenses."). Furthermore, this Court has ruled in Related Cases, the jury should be advised through an instruction that there is no claim for past medical expenses. *See* Dkt. 43-1 (*Haque v. NRPC*, No. 3:19-cv-05417-BHS, Pretrial Transcript 6:5-19).

Amtrak also objects on the basis that because Plaintiff did not have a job at the time of the derailment and has not attempted to find paying work since the derailment, an instruction regarding the "reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, and/or employment opportunities lost up to the present time," is improper.

Amtrak also objects on the ground that there is no basis or claim for any lost "business opportunities."

Joint Disputed Tendered Jury Instructions - Page 7
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

Amtrak also objects on the ground that there is no evidence or basis for "household help, services other than medical, and expenses required up to the present time" or "expenses that with reasonable probability will be required in the future."

Joint Disputed Tendered Jury Instructions - Page 8
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

PLAINTIFF'S PROPOSED INSTRUCTION NO. ___

DAMAGES ARISING IN THE FUTURE – DISCOUNT TO PRESENT CASH VALUE

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as mental, physical, and emotional pain and suffering, disability, and loss of enjoyment of life, are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money that may be caused by future inflation.

Ninth Cir. Pattern Jury Inst. No. 5.4 (as modified)

Joint Disputed Tendered Jury Instructions - Page 9
Case No.: 3:19-cv-05553-BHS

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

Amtrak objects to this instruction on the basis that it needlessly overstates the elements of Plaintiff's claimed non-economic damages. The elements of non-economic damages are set forth elsewhere in these instructions—further recitation risks confusing the jury and adds no value.

Amtrak also objects to the extent this instruction deviates from the pattern instruction.

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

PLAINTIFF'S PROPOSED INSTRUCTION NO. ___

DAMAGES CLAIMED FOR INJURY, PAIN, DISABILITY,

DISFIGUREMENT, LOSS OF CAPACITY FOR ENJOYMENT OF LIFE

If you find for plaintiff you should compensate plaintiff for any bodily injury and any resulting pain and suffering, disability, mental anguish, and loss of capacity for the enjoyment of life experienced in the past and that you find from the evidence that the plaintiff is reasonably certain to suffer in the future from the injury in question. No evidence of the value of such intangible things as mental or physical pain and suffering has been or need be introduced.

In that respect it is not value you are trying to determine, but an amount that will fairly compensate plaintiff for the damages plaintiff has suffered. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any such award should be fair and just in the light of the evidence.

3 Fed. Jury Prac. & Instr. § 128:02 (6th ed.)

Joint Disputed Tendered Jury Instructions - Page 11
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

Amtrak objects to this instruction on the grounds that it is not a 9th Circuit or a Washington instruction.

Amtrak also objects to this instruction as to the use of the term "disfigurement" and "mental anguish." Plaintiff has produced no evidence from any treater that she has a disfigurement or suffers from "mental anguish," nor has she disclosed an expert that could establish either claims.

Amtrak also objects to this instruction on the grounds that it is improper, duplicative, and confusing and may provide Plaintiff with a double recovery.

Joint Disputed Tendered Jury Instructions - Page 12
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

DEFENDANT'S PROPOSED INSTRUCTION NO. ___

AMOUNTS IN JURY VERDICT NOT TAXABLE

The amounts that you award to Plaintiff in this case are not subject to federal income tax.

IRC § 104(a)(2); *Burlington N., Inc. v. Boxberger*, 529 F.2d 284, 297 (9th Cir. 1975); *Kennett v. Delta Airlines, Inc.*, 560 F.2d 456, 462, n.7 (1st Cir. 1977)

Joint Disputed Tendered Jury Instructions - Page 13
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

Plaintiff objects to this instruction. As set forth in Plaintiff's Motions *in Limine*, No. 8, this is not a case where Plaintiff is projected to have an "extremely high income" on a yearly basis, and therefore will not cause "injustice to a defendant from ignoring future taxes." Therefore, there is no basis to give such an instruction in this matter. *Hinzman v. Palmanteer*, 81 Wash. 2d 327, 333-35, 501 P.2d 1228, 1233-33 (1972). *See also* 22 Am. Jur. 2d §§ 88, 128; 63 A.L.R.2d 1404.

Additionally, this proposed instruction does not provide a complete picture to the jury as to the potential for taxability and the reason the recovery may be excluded from reporting as income. *See* IRC § 61 (indicating that all amounts from any source are included in gross income absent a specific exception). Further, the reason that the amount would potentially not be reportable as income, and thus potentially not taxable, is that it is an amount that is intended, in its entirety, to make Plaintiff whole from her losses suffered as a result of Defendant's negligence, not to reward her or to result in what the IRS considers income to her. *See* IRS Guidance on Taxability of Personal Injury Recoveries, https://www.irs.gov/government-entities/tax-implications-of-settlements-and-judgments (accessed September 21, 2021); IRS Guide on Tax Treatment of Settlements, https://www.irs.gov/pub/irs-pdf/p4345.pdf (accessed September 21, 2021). A statement that an amount is not subject to tax is an interpretation of the IRS guidance about exclusion of certain income and is not appropriate or complete as proposed by Defendant.

Joint Disputed Tendered Jury Instructions - Page 14
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

PLAINTIFF'S PROPOSED INSTRUCTION NO. ___
STIPULATIONS OF FACT

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You must therefore treat these facts as having been proved.

Source: Ninth Circuit Model Civil Jury Instruction 2.2.

Joint Disputed Tendered Jury Instructions - Page 15
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

Amtrak objects to the inclusion of this instruction and seeks to omit it to the extent it differs from the agreed facts set forth in the parties' pretrial order.

Joint Disputed Tendered Jury Instructions - Page 16
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLIE STEELE,

    Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK,

    Defendant.

Case No. 3:19-cv-05553-BHS

**PLAINTIFF KYLIE STEELE'S PROPOSED SPECIAL VERDICT FORM**

We, the jury, award Plaintiff Kylie Steele the following amounts in this matter:

1. Damages for loss of wages and earnings in the past: $_____.

2. Damages for loss of wages and earnings in the future and loss of future earning capacity: $_____.

3. Damages for future Life-Care Plan expenses: $_____.

4. Damages for pain and suffering and loss of enjoyment of life, both past and future: $_____.

Sign and return this verdict.

Dated: _____, 2021.

_____
Foreman

Joint Disputed Tendered Jury Instructions - Page 17
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYLIE STEELE, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, <br><br> Defendant. | Case No. 3:19-cv-05553-BHS <br><br> **DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S PROPOSED SPECIAL VERDICT FORM** |

We, the jury, award Plaintiff Kylie Steele the following amounts in this matter:

1. Past non-economic damages: $_____.

2. Future non-economic damages: $_____.

3. Past economic damages: $_____.

4. Future economic damages: $_____.

   Total: $_____.

Sign and return this verdict.

Dated: _____, 2021.

_____
Foreman

Joint Disputed Tendered Jury Instructions - Page 18
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1

Dated: September 21, 2021

ROSSI VUCINOVICH PC

By: *s/ James K. Vucinovich*
James K. Vucinovich, WSBA No. 29199
jvucinovich@rvflegal.com

*Attorneys for Plaintiff*


LANE POWELL PC


By: *s/ Tim D. Wackerbarth*
Tim D. Wackerbarth, WSBA No. 13673
wackerbartht@lanepowell.com
Andrew G. Yates, WSBA No. 34239
yatesa@lanepowell.com

*Attorneys for Defendant National Railroad Passenger Corporation*

Joint Disputed Tendered Jury Instructions - Page 19
Case No.: 3:19-cv-05553-BHS

**ROSSI VUCINOVICH P.C.**
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

019188.0447/8684210.1