UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYLIE STEELE,<br><br>           Plaintiff,<br><br>   v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>           Defendant. | CASE NO. C19-5553 BHS<br><br>ORDER |

This matter comes before the Court on its own motion, following the pretrial conference. Two months ago, the Court granted in part Plaintiff Steele's Motion for Partial Summary Judgment on Causation. Dkt. 36. It explained:

> Amtrak's argument that the derailment did not cause Steele's mild neurocognitive disorder *is not supported by any evidence or any reasonable inference from the evidence in the record*. Amtrak argues that Steele is recovering well, claiming that her "accomplishments and ability to lead a productive life casts doubt on Dr. Camplair's and Nago's claim that Plaintiff has mild neurocognitive disorder." Dkt. 20 at 6; *see also* Dkt. 20 at 11 ("[T]he claim that Plaintiff sustained mild traumatic brain injury is belied by the fact that she returned to her graduate studies and graduated and is able to drive, read 400 pages in six days, and engages in various sports activities."). *These are damages arguments, not causation arguments*.

ORDER - 1

       \*\*\*
Steele's ***motion for summary judgment on causation is GRANTED***, to the limited extent that ***the derailment cause her mild traumatic brain injury***.

Dkt. 36 at 6–7 (emphasis added).

      At the pretrial conference, Amtrak argued that the Court could not have intended to conclude as a matter of law that Steele had a mild traumatic brain injury and that it was caused by the derailment. *See* Wackerbath Decl., Dkt. 62, Ex. A at 25 (Pretrial Conference Tr.). Amtrak's pretrial materials suggest that it interpreted the Order as a ruling that the derailment caused some injury, but the nature and extent of that injury was left for trial. Dkt. 61. It suggests that the Court must have ruled that "if Plaintiff suffered a mild Traumatic Brain Injury, it was as a result of the derailment." Dkt. 57 at 3. And it argues that because that was its reading of the Order, it did not timely seek reconsideration of the court's order. Dkt. 62, Ex. A at 26.

      Steele objects to Amtrak's re-characterization of the Court's Order granting her motion, and emphasizes that there was and is no evidence to counter her treating physician's determination that Steele suffered a mild traumatic brain injury in the derailment. She asks the Court to instruct the jury on this issue, consistent with its prior ruling. *See* Dkt. 56 at 3 (proposing alternate instructions).

      Amtrak did not hire its own expert or conduct an independent medical examination. Amtrak's prediction that it will cross-examine Steele's treating physicians to create a question of fact about the injury that the derailment caused is not evidence in the record and it is not enough to defeat Steele's motion for partial summary judgment. Nor did Amtrak seek reconsideration of the Order that explained the Court's

determination on the evidence in the record. The Court plainly, and its view, properly, ruled that the derailment caused Steele's mild traumatic brain injury. It did not rule that all of Steele's claimed sequalae were the result of the mild traumatic brain injury. That is for the jury to decide.

The Court will not reconsider or further clarify that ruling.

IT IS SO ORDERED.

Dated this 15th day of November, 2021.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge