THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYLIE STEELE,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK,<br><br>    Defendants. | Case No. 19-cv-05553-BHS<br><br>**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION FOR STAY OF EXECUTION PURSUANT TO FED. R. CIV. P. 62(B)**<br><br>**NOTE ON MOTION CALENDAR: JANUARY 7, 2022** |

Pursuant to Fed. R. Civ. P. 62(b), Defendant National Railroad Passenger Corporation ("Amtrak") respectfully moves for an order staying enforcement of the judgments entered in this matter upon Amtrak's posting of supersedeas bonds in an amount to be determined by the Court.

## I.    BACKGROUND

On November 23, 2021, the Court entered judgment in favor of Plaintiff Kylie Steele pursuant to the jury's verdict for $6,875,000. Dkt. 88.

On or before December 21, 2021, Amtrak intends to move for a new trial, or in the alternative, for remittitur pursuant to Fed. R. Civ. P. 59. In the alternative to a new trial, Amtrak also will be moving for a judgment as a matter of law with respect to Plaintiff's future economic loss.

## II.    ARGUMENT & AUTHORITY

Federal Rule of Civil Procedure 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect

DEFENDANT'S MOTION FOR STAY OF EXECUTION OF
JUDGMENT PURSUANT TO FED. R. CIV. P. 62(B) - 1
CASE NO. 19-CV-05553-BHS
019188.0447/8812887.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1 when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b).  A party may obtain "a stay at any time after a judgment is entered, not just when an appeal is taken." 11 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2905 (3d ed., August 2019 Update).

By posting a bond, the Plaintiff is protected from any loss resulting from the stay in the execution of the judgment.  *Pacific Reinsurance Management Corporation v. Ohio Reinsurance Corporation*, 935 F.2d 1019, 1027 (9th Cir. 1991).  District courts have "inherent discretionary authority in setting supersedeas bonds." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).  It has been observed that courts often compute the supersedeas bond by looking at the amount of the judgment plus interest, costs, and an estimate of any damages attributed to the delay.  11 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2905 (3d ed., August 2019 Update).  A published decision within the Ninth Circuit noted that "[a]lthough practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required." *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1029 (N.D. Cal. 2012) (*quoting* Christopher A. Goelz & Meredith J. Watts, California Practice Guide: Ninth Circuit Civil Appellate Practice ¶ 1:168 (TRG 2011)).

Bonds at the lower end of this range would be more than enough to secure Plaintiff's judgment plus costs, interest, and anticipated legal fees on appeal, if any.  Amtrak respectfully requests that the Court establish bond amounts of $8,593,750 ($6,875,000 x 1.25).

Once Amtrak posts the bond in an amount determined by the court, Amtrak requests that the enforcement of judgment be stayed until the time for Amtrak to file an appeal expires or the Court of Appeals for the Ninth Circuit issues a final decision in this matter, whichever is later.

//
//
//
//
//

DEFENDANT'S MOTION FOR STAY OF EXECUTION OF JUDGMENT PURSUANT TO FED. R. CIV. P. 62(B) - 2
CASE NO. 19-CV-05553-BHS
019188.0447/8812887.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

DATED this 20th day of December, 2021.

LANE POWELL PC

By   *s/ Andrew G. Yates*
Andrew G. Yates, WSBA No. 34239
yatesa@lanepowell.com
Tim D. Wackerbarth, WSBA No. 13673
wackerbartht@lanepowell.com

LANDMAN CORSI BALLAINE & FORD, PC

By   *s/ Mark S. Landman*
Mark S. Landman, *Pro Hac Vice*
mlandman@lcbf.com
John A. Bonventre, *Pro Hac Vice*
jbonventre@lcbf.com

*Attorneys for Defendant National Railroad Passenger Corporation*

DEFENDANT'S MOTION FOR STAY OF EXECUTION OF JUDGMENT PURSUANT TO FED. R. CIV. P. 62(B) - 3
CASE NO. 19-CV-05553-BHS
019188.0447/8812887.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107